UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ASHLEY REID PASCARELLA and JEFFREY T.
PASCARELLA,

                       Plaintiffs,

              -against-

SANDALS RESORT INTERNATIONAL, Ltd.,
SANDAL ROYAL BAHAMIAN SPA RESORT &
OFFSHORE ISLAND, and TRAVEL IMPRESSIONS,
Ltd.,

                       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/4/2020__

19 Civ. 2543 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       Plaintiffs, Ashley and Jeffrey Pascarella, claim that Ashley was assaulted by an employee

of Defendant Sandals Royal Bahamian Spa Resort & Offshore Island ("SRB"), on the night

before their destination wedding at that resort's property.  Compl. ¶ 31, ECF No. 49.  They bring

claims against SRB, its parent company Sandals Resort International, Ltd. ("SRI"), and the tour

company that helped book their wedding, Travel Impressions, Ltd. ("TI"), for negligence,

Compl. ¶¶ 37–41, loss of consortium on behalf of Jeffrey, *id.* ¶¶ 51–53, and breach of contract,

*id.* ¶¶ 42–50.

       Before the Court are a number of motions to dismiss filed by Defendants:  (1)

Defendants' joint motion to dismiss TI as fraudulently joined, ECF No. 112; (2) SRI's motion to

dismiss for lack of personal jurisdiction, improper forum, insufficient service of process, and

failure to state a claim, ECF No. 96; (3) SRB's motion to dismiss on the same grounds, ECF No.

116; and (4) TI's motion to dismiss on the grounds of *forum non conveniens* and for failure to

state a claim, ECF No. 121.  For the reasons stated below, the motion to dismiss on the basis of

fraudulent joinder is DENIED, but SRI's and SRB's motions to dismiss for lack of personal

jurisdiction are GRANTED, and TI's motion to dismiss for failure to state a claim is GRANTED.

## BACKGROUND

The following facts are drawn from Plaintiffs' amended complaint, and accepted as true for purposes of the purposes of these motions. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016) ("On a motion under Rule 12(b)(6) to dismiss a complaint for failure to state a claim, the only facts to be considered are those alleged in the complaint, and the court must accept them, drawing all reasonable inferences in the plaintiff's favor, in deciding whether the complaint alleges sufficient facts to survive.").

In April 2016, Plaintiffs planned a destination wedding at the resort property operated by SRB in the Bahamas. Compl. ¶¶ 6, 25. SRB is a subsidiary of SRI, which "sets policy for, directs and maintains throughout all its affiliate resorts . . . brand compliance and uniformity of accommodations, services, food, beverage, housekeeping, water sports, and all other environments, decor, and activities." *Id.* ¶¶ 5–6. The wedding was booked through TI. *Id.* ¶ 26. On the basis of the deal negotiated with TI, Plaintiffs invited some 70 guests to their destination wedding at SRB's property. *Id.* ¶ 27.

During Plaintiffs' stay at SRB's property, they were assigned a butler, who was an employee of SRB. *Id.* ¶ 29. After a cocktail party held on the night before Plaintiffs' wedding, that employee "entered the bedroom of" Ms. Pascarella, and "undertook surreptitiously to molest, fondle, grope, and take sexual liberties of" her. *Id.* ¶ 31. She screamed for help, and resort security apprehended the butler. *Id.* ¶ 32. He was later charged with indecent assault in Bahamian court. *Id.* ¶ 34.

**DISCUSSION**

I.    <u>Fraudulent Joinder</u>

Defendants jointly move to dismiss TI from this case on the grounds that TI was fraudulently joined in an effort to defeat this Court's diversity jurisdiction under 28 U.SC. § 1332.  ECF No. 112; ECF No. 113 at 5.  Because this motion in effect raises a question respecting the Court's subject-matter jurisdiction, it must be addressed before the Court can turn to the merits.  *See United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) ("Subject matter jurisdiction is a threshold question that must be resolved before proceeding to the merits." (internal quotation marks and citation omitted)).

On June 10, 2019, Plaintiffs filed an amended complaint naming TI, among others, as a defendant for the first time.  *See* ECF No. 45.  On July 16, 2019, Plaintiffs filed a letter suggesting that inclusion of TI in the case destroyed the Court's subject matter jurisdiction, based on diversity of citizenship, because TI is incorporated and has its principal place of business in New York.  ECF No. 72.  On July 25, 2019, Defendants filed a letter in response, claiming that TI had been fraudulently joined in an effort to defeat diversity.  ECF No. 90.  On August 1, 2019, the Court ordered the parties to brief the issue of fraudulent joinder and the continued existence of diversity jurisdiction in this Court.  ECF No. 94.

There is no basis to dismiss TI from the case on the basis of fraudulent joinder, because the inclusion of TI in the case does not affect the Court's subject-matter jurisdiction.  Under the doctrine of fraudulent joinder, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court."  *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004).  The purpose of the doctrine is to ensure that parties who have a right to proceed in

federal court can do so when a non-diverse defendant is wrongfully joined. *See Wecker v. Nat'l Enameling & Stamping Co.,* 204 U.S. 176, 186 (1907) ("[T]he Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court."); *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 218 (1906) ("[T]he Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals."). The doctrine only applies, therefore, when a non-diverse defendant is joined, and the Court's diversity jurisdiction is put at risk.

The notice of removal alleged that Plaintiffs are citizens of New Jersey, ECF No. 1, and Plaintiffs have not contested that assertion. TI is undisputedly a citizen of New York. Compl. ¶ 8. There is, therefore, complete diversity of citizenship between Plaintiffs and Defendants, and the Court has jurisdiction over this case under 28 U.S.C. § 1332(a). It is true that TI, as a citizen of New York, would not have been entitled to remove the case to federal court under 28 U.S.C. § 1441(b). But "section 1441(b) is a rule of procedure and does not state a jurisdictional requirement." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313 (2d Cir. 2005). The joinder of TI after the case was removed thus does not eliminate subject-matter jurisdiction.

Because the inclusion of TI in this case does not destroy diversity, there is no reason for the Court to determine whether Plaintiffs' claims against TI should be dismissed on the basis of fraudulent joinder, rather than applying the ordinary standard for a motion to dismiss for failure to state a claim. Accordingly, Defendants' motion to dismiss TI as fraudulently joined is DENIED.

II.     <u>Personal Jurisdiction</u>

SRB and SRI move to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure, claiming this Court lacks personal jurisdiction over them.  This jurisdictional challenge must be addressed before the merits of the case.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."); *Mones v. Commercial Bank of Kuwait, S.A.K.*, 204 F. App'x 988, 990 (2d Cir. 2006) ("[T]he district court erred in failing to determine whether it had valid personal jurisdiction over [defendant] before proceeding to the merits of [plaintiff's] claim.").

A.     Legal Standard

"On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction."  *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 349 (S.D.N.Y. 2014) (citing *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)).  When the jurisdictional facts are in dispute, "the district court may consider materials outside the pleadings, including affidavits and other written materials."  *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015).  "Because the Court has not held an evidentiary hearing on this issue, Plaintiff need only make a prima facie showing of jurisdiction through affidavits and supporting materials to satisfy this burden."  *Golden Archer Investments, LLC v. Skynet Fin. Sys.*, No. 11 Civ. 3673, 2012 WL 123989, at *3 (S.D.N.Y. Jan. 3, 2012).

"District courts deciding a motion to dismiss for lack of personal jurisdiction engage in a two-part analysis, first determining whether there is a statutory basis for exercising personal

jurisdiction and second deciding whether the exercise of jurisdiction comports with due process." *BWP Media*, 69 F. Supp. 3d at 349 (internal quotation marks and citation omitted). "[T]he law of the forum state—here, New York—governs the issue of personal jurisdiction in admiralty cases." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 50 (2d Cir. 1991). Jurisdiction comports with due process if "the defendant has certain minimum contacts with the State such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (alterations, internal quotation marks, and citation omitted).

To establish personal jurisdiction under New York law, a plaintiff must demonstrate either that the defendant "was 'present' and 'doing business' [in New York] within the meaning of New York Civil Practice Law and Rules ("CPLR") § 301," or that the defendant "committed acts within the scope of New York's longarm statute, CPLR § 302." *Schultz v. Safra Nat'l Bank of New York,* 377 F. App'x 101, 102 (2d Cir. 2010) (summary order). In other words, the plaintiff must show that either general or specific jurisdiction exists. *See, e.g.*, *AVRA Surgical Robotics, Inc. v. Gombert*, 41 F. Supp. 3d 350, 358 (S.D.N.Y. 2014).

B.      General Jurisdiction

Under CPLR § 301, a court may exercise personal jurisdiction over any nondomiciliary defendant that is "engaged in such a continuous and systematic course of doing business [in New York] as to warrant a finding of its presence in this jurisdiction." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (internal quotation marks and citations omitted). To comport with due process, the defendant's contacts with New York must be "so 'continuous and systematic,' judged against [its] national and global activities, that it is 'essentially at home' in th[e] state." *Gucci Am., Inc. v. Li*, 768 F.3d 122, 135 (2d Cir.

2014) (quoting *Daimler*, 571 U.S. at 139). "Aside from 'an exceptional case,' . . . a corporation is at home . . . only in a state that is the company's formal place of incorporation or its principal place of business." *Id.* (quoting *Daimler*, 571 U.S. at 139 & n.19).

SRB is incorporated in the Bahamas and headquartered there. Sept. 17 Jones Decl. ¶ 3, ECF No. 118; Compl. ¶ 6. It operates a resort located in the Bahamas. *Id.* ¶ 7. It does not own property or operate an office in New York, have any employees or officers in New York, or operate in New York in any meaningful way. *Id.* ¶¶ 10–11. Consequently, SRB is not subject to general jurisdiction in New York.

SRI is incorporated in Jamaica, and has its headquarters there. May 22 Jones Decl. ¶ 4, ECF No. 98. SRI provides "professional and management services" to Sandals resorts, including SRB. *Id.* ¶ 8. It, too, does not have property or offices in New York, has no employees or officers here, and cannot be said to do business here. *Id.* ¶¶ 13–18. Thus, SRI also cannot be subject to general jurisdiction in New York.

### C. Specific Jurisdiction

Plaintiffs assert that SRI and SRB are subject to specific personal jurisdiction under CPLR § 302(a)(1), which allows a court to exercise personal jurisdiction over a non-domiciliary defendant that "transacts any business within the state or contracts anywhere to supply goods or services in the state," N.Y. CPLR § 302(a)(1), so long as "the claim asserted . . . arise[s] from that business activity," *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 732 F.3d 161, 168 (2d Cir. 2013) (internal quotation marks and citation omitted). A defendant "transacts business" within the meaning of § 302(a)(1) when it "purposefully avails itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of [the

state's] laws." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 4007) (internal quotation marks and citation omitted).

Plaintiffs argue that SRI and SRB meet the requirements because TI acted as their agent in selling travel packages in New York, including the one that Plaintiffs participated in. Pl. Sept. 20 Opp. at 3–6, ECF No. 120; Pl. Oct. 17 Opp. at 4–7, ECF No. 131. CPLR § 302 covers a defendant's conduct "in person or through an agent." N.Y. CPLR 302. "To establish that the out-of-state defendant acted through an agent" for purposes of personal jurisdiction, "Plaintiffs do not need to establish a formal agency relationship between the defendant and his agent," but do need to "convince the court that the agent engaged in purposeful activities in this State in relation to plaintiffs' transaction for the benefit of and with the knowledge and consent of the defendants and that they exercised some control over the agent in the matter." *In re Sumitomo Copper Litig.*, 120 F. Supp. 2d 328, 336 (S.D.N.Y 2000) (internal quotation marks, citation, and alterations omitted) (citing *Kreutter v. McFadden Oil Corp.*, 552 N.E.2d 40, 44 (N.Y. 1988)). To do so, "Plaintiffs' allegations must sufficiently detail the defendant's conduct so as to persuade a court that the defendant was a primary actor in the specific matter in question." *Id.* (internal quotation marks and citation omitted).

Plaintiffs have not adduced any facts showing that SRI or SRB exercised control over TI with respect to Plaintiffs' trip. Plaintiffs allege that TI "entered contracts on behalf of [SRI] and [SRB], with members of the direct public in New York and elsewhere, including the [Plaintiffs] herein, booked vacation packages, rooms, destination weddings, set the terms and conditions that would be applicable on behalf of [SRI], and in various ways acted on behalf of, with the full knowledge, authorization, and approval of [SRI] and [SRB.]" Compl. ¶ 10. They also allege that "[t]he specific contract and booking, negotiations, payments, between [Plaintiffs] and [SRI]

and [SRB] . . . were negotiated, discussed, agreed upon, priced and paid for in the State of New York by the agents, servants, and employees of [SRI] and [SRB] by and through [TI] on behalf of and with full authorization of [SRI] and [SRB]."  *Id.* ¶ 11.  But these vague allegations are not supported by more specific evidence.  Plaintiffs point to travel documents provided to their travel agent by TI, which state that "Travel Impressions and its parent, subsidiaries, affiliates, and representatives . . . act as an agent for travel suppliers," and that TI "acts solely as sales agent for travel suppliers."  Travel Documents, ECF No. 119-2 at 3; Pl. Sept. 20 Opp. at 3–4.  But the mere use of the word "agent" does not demonstrate that SRI or SRB exercised any control over TI's operations.

The specific evidence before the Court contradicts Plaintiffs' assertion that TI was an agent for SRI or SRB.  Defendants submitted a declaration from Julia Davidson, the Assistant Secretary of TI.  Davidson Decl. ¶ 3, ECF No. 114.  Davidson avers that TI's role was to "forward reservations from travel agents to Unique Vacations Limited," a tour operator.  *Id.* ¶ 12 (emphasis omitted).  Unique Vacations set the rates and policies for the trips.  *Id.* ¶ 14.  In this case, Plaintiffs' travel agent entered into a contract with TI for a room for Plaintiffs and a group reservation code for their wedding guests.  *Id.* ¶¶ 15–20.  Plaintiffs' travel agent then sold the reservations to Plaintiffs and their guests.  *Id.* ¶ 22.  It is clear, therefore, that TI acted as a middleman and packager, communicating requests from Plaintiffs' travel agency to the tour operator, and then providing the tour operator's booking at SRB to Plaintiffs' travel agent, along with flight and other travel information, as part of a complete itinerary.  *Id.* ¶¶ 25–27; *see* Travel Documents at 1–2, 5.  None of those actions exhibit any control by SRI or SRB over TI's actions—indeed, it is not even clear that SRI or SRB were aware of TI's role in the transactions.

Accordingly, SRI's and SRB's motions to dismiss for lack of personal jurisdiction are GRANTED.

III.    Claims Against TI

    A.    Motion to Dismiss Standard

TI moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] TI Mem. at 13–25, ECF No. 122.  To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions." *Twombly,* 550 U.S. at 555.  Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*  On a Rule 12(b)(6) motion, the court may consider only the complaint, documents attached to the complaint or incorporated in it by reference, matters of which a court can take judicial notice, or documents that the plaintiff knew about and relied upon in bringing the suit. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002).  The court must accept the allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).

    B.    Choice of Law

Because much of the relevant conduct in this case took place in the Bahamas, the Court must first confront a potentially challenging choice of law issue.  "In diversity jurisdiction cases

---

[1] TI also seeks dismissal of this suit on the basis of the *forum non conveniens* doctrine.  TI Mem. at 3–12.  Because the Court will grant the motion to dismiss for failure to state a claim, it need not consider whether *forum non conveniens* applies.

such as this, it is well settled that a federal court must look to the choice of law rules of the forum state." *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998) (citation omitted).

However, "[i]n New York, the forum state in this case, the first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws." *Id.* "The Court need not embark on a choice-of-law analysis in the absence of an actual conflict between the applicable rules of the relevant jurisdictions." *Perkins Eastman Architects, P.C. v. Thor Engineers, P.A.*, 769 F. Supp. 2d 322, 325 (S.D.N.Y. 2011) (internal quotation marks, citations and alteration omitted). Neither party has identified any significant differences between New York law and Bahamian law in this case.[2] Instead, both parties proceed as if New York law governs. *See* TI Mem. at 13–25; Pl. TI Opp. at 24–26. The Court's research confirms that on the key issue in this action—which is one of agency law, as will be seen—there is no conflict between New York and Bahamian law. Consequently, the Court need not make a choice of law finding.

### C.      Plaintiffs' Agency Theory

Plaintiffs' claims are for negligent hiring and training of an SRI employee, Compl. ¶¶ 37–41, and for breach of contract, *id.* ¶¶ 42–50. The complaint does not identify any way in which TI could have been negligent as to the hiring or training of an employee of a separate corporation in another country. Nor does it identify any contract duty owed by TI to Plaintiffs, or any action taken by TI that would constitute a breach of that duty. Indeed, in a declaration

---

[2] TI argues vigorously that Bahamian law applies to this action in seeking dismissal on the basis of *forum non conveniens*, TI Mem. at 10–11, but its merits argument is based solely on New York law, because "[t]he Court has not yet made a choice of law determination as to which state's substantive law applies," *id.* at 13 n.2. This two-step effectively outsourced the task of researching Bahamian law to the Court. *See Curley*, 153 F.3d at 13 ("The district court need not have avoided a full analysis of Mexican law simply on the basis of an inadequate submission by one party. . . . We urge district courts to invoke the flexible provisions of Rule 44.1 [of the Federal Rules of Civil Procedure] to determine issues relating to the law of foreign nations. Such issues can be expected to come to the federal courts with increasing frequency as the global economy expands and cross-border transactions increase.").

submitted by Plaintiffs' counsel in response to Defendants' motion to dismiss TI as fraudulently

joined, Plaintiffs expressly disavow any claim against TI sounding in negligence or breach of

contract. Iannuzzi Decl., ECF No. 124. Plaintiffs' counsel avers that "[n]o [n]egligent [a]cts

[a]re [a]lleged [a]gainst [TI]," *id.* at 3, and that the complaint "alleges not an iota against [TI] as

being negligent to or committing any negligent acts against Plaintiffs," *id.* ¶ 8; *see also id.* ¶ 22

("[N]owhere in the [complaint] did Plaintiffs allege that any person or entity other than SRI and

[SRB] hired, trained, maintained personnel herein."). He also states that there is "[n]o [b]reach

of [c]ontract . . . alleged against [TI]." *Id.* at 4; *see id.* ¶ 10 ("[A]lthough [TI] acted for and on

behalf of . . . SRI and [SRB] in the State of New York . . . nothing is alleged in the [complaint]

that charges [TI] with any other transgressions against Plaintiffs."). That failure to allege any

wrongful act by TI is fatal to a claim against it, because a court must dismiss a claim where "the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

*Iqbal*, 556 U.S. at 679.

Plaintiffs' apparent theory is that TI is liable because it was an agent of SRI and SRB.

Compl. ¶ 9. But that contention turns agency law on its head. It is a basic principle of agency

law that "[o]nly an agent's own tortious conduct subjects the agent to liability . . . . An agent is

not subject to liability for torts committed by the agent's principal that do not implicate the

agent's own conduct; there is no principle of 'respondeat inferior.'" Restatement (Third) Of

Agency § 7.01 cmt. d (2006); *see also* 2A C.J.S. Agency § 398 ("Generally, an agent can be held

liable to a third party only for his or her own separate tortious acts. An agent who does not play

any part in the tortious conduct of his or her principal, and who lacks knowledge of the

principal's misconduct, is not liable for harm resulting to third persons." (citations omitted)).

Indeed, courts have held specifically that "an independent travel or booking agent cannot be held

responsible for the negligence of its principal, where the agent simply makes the reservation or packages the tour." *Loeb v. U.S. Dep't of Interior*, 793 F. Supp. 431, 437 (E.D.N.Y. 1992); *Lachina v. Pac. Best Tour, Inc.*, No. 93 Civ. 6193, 1996 WL 51193, at *1 (S.D.N.Y. Feb. 7, 1996) ("[A] travel agent is not an insurer or guarantor of a customer's safety and is not obligated to investigate the safety of accommodations.").

Likewise, it is black-letter law that "[w]hen an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal . . . the agent is not a party to the contract unless the agent and third party agree otherwise." Restatement (Third) of Agency § 6.01; *see Leutwyler v. Royal Hashemite Court of Jordan*, 184 F. Supp. 2d 303, 309 (S.D.N.Y. 2001) ("Courts have repeatedly rejected efforts to assert contract claims against parties who negotiated agreements as agents for disclosed principals. Such an agent 'will not be personally bound unless there is clear and explicit evidence of the agents' intention to substitute or superadd his personal liability for, or to, that of his principal.'" (quoting *Mencher v. Weiss*, 114 N.E.2d 177, 179 (N.Y. 1953))).

These fundamental principles of agency law date back centuries in Anglo-American common law. *See Commercial Bank v. Waters*, 60 N.Y.S. 981, 983–84 (N.Y. App. Div. 1899) (collecting English and American authorities for the proposition that an agent is not bound by a contract he makes on behalf of a disclosed principal), *aff'd* 60 N.E. 1109 (N.Y. 1901) (per curiam). For that reason, they would likely be applied in Bahamian courts as well as New York courts. *See* Rose-Marie Belle Antoine, *Commonwealth Caribbean: Law and Legal Systems* 76 (2d ed. 2008) ("[T]he Bahamas . . . received the English common law at the end of the 17th century."); *cf. Sundance Cruises Corp. v. Am. Bureau of Shipping*, 1992 WL 12563934, at *33 (S.D.N.Y. July 31, 1992) (interpreting Bahamian law on the basis of "general principles of

agency law" shared among common law systems); *Miyoung Son v. Kerzner Int'l Resorts, Inc.*,
No. 07 Civ. 61171, 2008 WL 4186979, at *5 n.5 (S.D. Fla. Sept. 5, 2008) (looking to the
Restatement of Agency as a "general guideline" for the "scope of Bahamian agency law);
*Wyndham Hotel Co. v. Self*, 893 S.W.2d 630, 634 (Tex. App. 1994) (holding with respect to an
agency law question that "the law of the Bahamas . . . is English common law for all purposes
relevant to the suit").

Because Plaintiffs have failed to allege facts that could state a claim against TI under any
legal theory, TI's motion to dismiss under Rule 12(b)(6) is GRANTED.

## CONCLUSION

The joint motion to dismiss TI from the case on the ground of fraudulent joinder is
DENIED. SRI and SRB's motions to dismiss for lack of personal jurisdiction are GRANTED.
TI's motion to dismiss for failure to state a claim is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF Nos. 112, 116, 121, and
126,[3] and close the case.

SO ORDERED.

Dated: March 4, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] On October 10, 2019, Defendants moved for a pre-motion conference pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, in anticipation of filing motions for summary judgment. ECF No. 126. In light of the Court's granting Defendants' motions to dismiss, that request is now moot.